1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALLEN KIRK WARE,

11             Petitioner,                    No. CIV S-03-2598 DFL GGH P

12         vs.

13   T. CAREY, et al.,

14             Respondents.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  On February 4, 2005, the court ordered this action

18   transferred to the United States Court of Appeals for the Ninth Circuit Court after finding the

19   petition successive. On April 15, 2005, the Ninth Circuit transferred this action back to the

20   district court.  In the April 15, 2005, order the Ninth Circuit stated that the most efficacious way

21   to resolve whether this action is successive is through an appeal from a judgment of the district

22   court dismissing the petition for lack of jurisdiction.

23          Accordingly, the court now recommends that this action be dismissed for lack of

24   jurisdiction on grounds that the petition is successive.

25          Petitioner challenges the 1987 decision by the California Board of Prison Terms

26   (BPT) rescinding his parole date and finding him unsuitable for parole.   Petitioner has had

                                              1

1   several parole suitability hearings subsequent to 1987 but does not challenge any of those

2   hearings in the instant action.

3          Petitioner raises the following claims: 1) the BPT should have applied the

4   Indeterminate Sentencing Laws (ISL) in effect at the time he committed his crime rather than the

5   Determinate Sentencing Law (DSL) when it rescinded his parole date in 1987; 2) the BPT's

6   failure to grant him parole has resulted in a sentence that is disproportionately harsh in violation

7   of the Eighth Amendment; 3) the BPT's failure to apply the ISL standards when it rescinded his

8   parole date violated his right to equal protection and due process; 4) the BPT's failure to apply

9   the ISL standards when it rescinded his parole date violated state law.

10          Court records indicate that petitioner previously filed a habeas corpus petition in

11   this court challenging the 1987 decision by the BPT rescinding his parole date and finding him

12   unsuitable for parole, CIV S-98-0752 GEB JFM P.  In CIV-98-0752 GEB JFM P petitioner

13   raised all of the claims raised in the instant action but for the state law claim.  On August 24,

14   1999, the district court denied CIV S-98-0752 on the merits.  On August 18, 2000, the Ninth

15   Circuit Court of Appeals affirmed the decision.  See Ware v. California Board of Prison Terms,

16   No. 99-17200, 230 F.3d 1368, 2000 WL 1175650 (9th Cir. 2000)(unpublished).

17          The instant petition is a second or successive petition to CIV S-98-0752 GEB

18   JFM P because it also challenges the 1987 decision by the BPT rescinding petitioner's parole

19   date and finding him unsuitable for parole.  Before a second or successive petition may be

20   brought, petitioner must move in the Court of Appeals for an order authorizing the district court

21   to consider the application.  28 U. S.C. § 2244(b)(3)(A).  Because petitioner has not obtained an

22   order from the Ninth Circuit Court of Appeals to proceed with this action, the court recommends

23   that this action be dismissed for lack of jurisdiction.

24          Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for

25   lack of jurisdiction.

26   /////

1    These findings and recommendations are submitted to the United States District

2    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3    days after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6    shall be served and filed within ten days after service of the objections.  The parties are advised

7    that failure to file objections within the specified time may waive the right to appeal the District

8    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9    DATED: 5/17/05

10

11                                                   /s/ Gregory G. Hollows
                                                     _____
12                                                   GREGORY G. HOLLOWS
                                                     UNITED STATES MAGISTRATE JUDGE
      ggh:kj
13    war2598.157

14

15

16

17

18

19

20

21

22

23

24

25

26